UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **TAYLOR BELL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 4:15-cv-159** |
| | § | |
| **CONN APPLIANCES, INC.,** | § | |
| | § | |
| **CONN CREDIT CORPORATION, INC.,** | § | |
| | § | |
| **CONN'S RECEIVABLES FUNDING I GP, LLC, and** | § | |
| | § | |
| | § | |
| **CONN'S RECEIVABLES FUNDING I, LP,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Taylor Bell ("Plaintiff"), and files this Original Complaint against Conn Appliances, Inc., Conn Credit Corporation, Inc., Conn's Receivables Funding I GP, LLC, and Conn's Receivables Funding I, LP, ("Defendants"), requesting that the Court declare that Defendant violated the Fair Debt Collection Practices Act, the Texas Debt Collection Act, the Trade Practices and Consumer Protection Act, and the Telephone Consumer Protection Act, and to award statutory, punitive and compensatory damages and attorneys' fees and expenses. In support hereof, Plaintiff would respectfully show the Court:

## I. INTRODUCTION

1. Plaintiff seeks relief from the Court for the willful and abusive violations of applicable federal and state fair debt collection laws. Defendants, as described herein, contacted Plaintiff repeatedly in an attempt to collect a debt and continued to do so even after Plaintiff

informed them of her impending bankruptcy, provided the name and contact information for retained counsel, and requested that the Defendants cease calls to her cellular telephone. Plaintiff has suffered unreasonable stress and anxiety as a result of Defendants' unlawful actions.

## II.     JURISDICTION AND VENUE

2.     The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question jurisdiction).  The Court also has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1331 (supplemental jurisdiction).

3.     The Court has jurisdiction over the Defendants because Defendants are resident corporations or partnerships, with principal places of business and registered agents in Texas. Defendants purposefully availed themselves of the privileges and benefits of doing business in Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitution requirements of due process.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claim occurred in this district.

## III.     PARTIES

5.     Plaintiff is Taylor Bell, a resident of Collin County, Texas.

6.     Defendant Conn Appliances, Inc. ("Conn's") is a Texas corporation with its principal place of business located at 4055 Technology Forest Boulevard, Suite 210, The Woodlands, TX 77381.  Conn's may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7.     Defendant Conn Credit Corporation, Inc. ("Conn Credit") is a Texas corporation with its principal place of business located at 4055 Technology Forest Boulevard, Suite 210, The

Woodlands, TX 77381.  Conn Credit may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

8.      Defendant Conn's Receivables Funding I GP, LLC, ("Receivables LLC") is a Texas corporation with its principal place of business located at 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.  Receivables LLC may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

9.      Defendant Conn's Receivables Funding I, LP, ("Receivables LP"), is a Texas limited partnership with its principal place of business located at 3295 College St., Beaumont, TX 77701.  Receivables LP may be served with process through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10.      Defendants are related entities, one or more of which are involved in the conduct described herein.  Plaintiff is unsure exactly which entities are/were involved in activities relating to Plaintiff's account, and Plaintiff agrees to voluntarily dismiss any claims against any entity that is not involved in the actions described herein.

## IV.      FACTUAL ALLEGATIONS

11.      The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

12.      Upon information and belief, Plaintiff entered into a retail installment contract with Conn's for the purchase of consumer goods, with an account number ending in 1931.

13.      Upon information and belief, Conn's assigned its rights, title, and interests in the contract to Conn Credit, Receivables LLC, Receivables LP, and/or another related entity while acting as the servicer-in-fact and attorney-in-fact for the resulting debt holder, as indicated by a settlement offer letter received by the Plaintiff from Conn's.  *See* Exhibit A.

14.     On September 20, 2014, Plaintiff retained Allmand Law Firm, PLLC, to represent her in a Chapter 7 bankruptcy proceeding.

15.     Upon information and belief, Plaintiff informed Defendant Conn's that she was represented by Allmand Law Firm, PLLC, on November 4, 2014, and asked Defendant to stop contacting her directly.

16.     On November 4, 2014, Plaintiff received a phone call at approximately 12:49 p.m. from phone number 972-646-2030.  The caller identified herself as "Sherrill" with Conn's and stated that she was calling regarding Plaintiff's past-due balance, which was due September 15, 2014.  Plaintiff told Sherrill that she planned to file bankruptcy and was represented by an attorney, stating that all the information would be included in her bankruptcy filing.  Sherrill asked for the name and contact information for Plaintiff's attorney, which Plaintiff could not provide at that time because she was driving; Sherrill requested that Plaintiff call back with that information, to which Plaintiff agreed.

17.     At the end of the November 4, 2014, phone call, Plaintiff revoked any prior consent she had expressly or implicitly granted Defendants to call her cellular telephone by stating, "Please don't call my phone anymore."

18.     On November 4, 2014, Conn's placed three additional phone calls from phone number 972-646-6063 to Plaintiff's cellular telephone at approximately 9:04 a.m., 1:06 p.m., and 5:29 p.m.

19.     On November 5, 2014, Conn's placed three phone calls from phone number 972-755-1002 to Plaintiff's cellular telephone at approximately 9:26 a.m., 10:50 a.m., and 1:01 p.m.

20.     On November 6, 2014, at 2:06 p.m., Plaintiff received a text message from Conn's requesting that she contact Conn's to make a payment online at

http://www.conns.com/text or by calling 1-866-205-7498.

21.      On November 6, 2014, Conn's placed a phone call from phone number 972-755-1002 to Plaintiff's cellular telephone at approximately 7:40 p.m.

22.      On November 7, 2014, Conn's placed a phone call at approximately 8:11 a.m. from phone number 972-755-1059 to Plaintiff's cellular telephone, which Plaintiff answered. During that call, the person calling on behalf of Conn's identified herself as "Nigea with Conn's." "Nigea" explained that she was calling Plaintiff to enquire about a payment due in September that Plaintiff allegedly had not made.  Plaintiff responded that she previously told a Conn's representative on November 4, 2014, to stop calling her cellular phone.  Plaintiff also explained that she would be filing a bankruptcy, which would address her debt with Conn's, stated that she was represented by counsel with respect to this debt, and provided "Nigea" with her bankruptcy attorney's name and telephone number.

23.      On November 8, 2014, Conn's placed three phone calls from phone number 972-755-1002 to Plaintiff's cellular telephone at approximately 8:26 a.m., 11:06 a.m., and 1:25 p.m.

24.      On November 9, 2014, Conn's placed a phone call from phone number 972-755-1061 to Plaintiff's cellular telephone.  Plaintiff returned the call at approximately 5:23 p.m., and the representative that answered identified herself as "Sydney" with Conn's.  Plaintiff informed "Sydney" that this was the fourth time she told Conn's that she was filing bankruptcy and that she was represented by an attorney, yet Conn's continued to call.  "Sydney" explained that Conn's kept calling Plaintiff because only their customer service department could make the appropriate changes to the account.  Plaintiff told "Sydney" that one of the representatives Plaintiff spoke with informed Plaintiff that all of the necessary changes to prevent additional calls had been made, yet Conn's called her twelve times since Plaintiff first asked that they stop

calling on November 4, 2014.  "Sydney" transferred the Plaintiff to the customer service department, where Plaintiff explained the situation again.  The customer service representative indicated that the account was now set up correctly.

25.    On November 9, 2014, Conn's placed four phone calls from phone number 972-755-1002 to Plaintiff's cellular telephone at approximately 10:18 a.m., 3:07 p.m., 3:35 p.m., and 3:45 p.m.

26.    On November 10, 2014, Conn's placed five phone calls from phone number 972-755-1002 to Plaintiff's cellular telephone at approximately 8:14 a.m., 10:23 a.m., 10:42 a.m., 2:01 p.m., and 7:12 p.m.

27.    On November 11, 2014, Conn's placed a phone call from phone number 972-646-2027 to Plaintiff's cellular telephone at approximately 10:02 a.m.  When Plaintiff answered this call, the caller identified herself as "Asia" with Conn's calling to help Plaintiff get her Conn's account on track.  Plaintiff informed "Asia" that she has repeatedly told Conn's that she was filing bankruptcy, is represented by an attorney, and has asked that Conn's stop calling her cellular phone, yet Conn's continued to call.  Plaintiff also told "Asia" that she already spoke with customer service about stopping the calls to her cellular phone and was not sure what to do, other than inform her attorney.

28.    On November 11, 2014, Conn's placed six additional phone calls from phone number 972-646-2027 to Plaintiff's cellular telephone at approximately 8:22 a.m., 10:21 a.m., 12:45 p.m., 2:02 p.m., 5:01 p.m., and 7:18 p.m.

29.    On November 12, 2014, Conn's placed a phone call from phone number 469-342-0300 to Plaintiff's cellular telephone at approximately 9:35 a.m.  During this call, the caller identified himself as "Adrienne" with Conn's, and stated that she was calling in regard to a

$523.43 balance.  Plaintiff responded that she told Conn's six or seven times that she filed for bankruptcy and that she was represented by an attorney, but that Conn's representatives kept calling.  The representative indicated that there was a note in the file regarding bankruptcy, but that the file was not sent to review with their bankruptcy department.  The representative stated that he would send the file to the offline bankruptcy department and indicated that Conn's would contact Plaintiff's attorney, Reed Allmand.

30.    On November 12, 2014, Conn's placed a phone call from phone number 469-342-0300 to Plaintiff's cellular telephone at approximately 8:55 a.m.

31.    On November 18, 2014, Conn's placed a phone call from phone number 210-424-1908 to Plaintiff's cellular telephone, leaving a voice message at approximately 6:43 p.m.  On the message, the caller identified herself as "Stephanie" with Conn's, and requested a call back at 1-800-898-7105 to discuss an important business matter.

32.    On November 12, 2014, Conn's placed a phone call from phone number 210-424-1908 to Plaintiff's cellular telephone at approximately 1:28 p.m.

33.    On November 26, 2014, Plaintiff called Conn's to obtain a copy of her contract. During that call, the representative Plaintiff spoke with did not disclose her name but did specify that she was with the collection department.  The representative also indicated that she could not open the file and asked the Plaintiff if she was working with an attorney in their legal department.

34.    Upon information and belief, each of the calls mentioned above were made to Plaintiff's cellular phone using an automatic telephone dialing system.

35.    Plaintiff has suffered unreasonable stress and anxiety related to Defendants' repeated and excessive collection calls.

36.     Plaintiff suffers from migraines, which she believes may have increased in frequency as a result of Defendants' actions and the additional stress caused by such actions.

37.     Due to the nuisance of repeated phone calls from the Defendants, Plaintiff was reprimanded by professors and required to turn her cellular phone on silent during classes, which caused her to miss important phone calls regarding her children's well-being from their day care and school and resulted in additional stress and anxiety for the Plaintiff.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

38.     The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

39.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. §1692e.

40.     The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation.  *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3, (2d Cir. 1993); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  *Russell v. Equifax A.R.S.,* 74 F.3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp*., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

41.     The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor.  *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

1.     Defendant Conn's is a "debt collector" as defined in 15 U.S.C. § 1692a, as it regularly collects or attempts to collect debts owed or due to related companies that finance consumer purchases through its stores, acting as "servicer-in-fact and attorney-in-fact" with regard to accounts owed by these related entities.  *See* <u>Exhibit A</u>.

2.     The debt Defendant Conn's was attempting to collect is a "consumer debt" as defined in 15 U.S.C. § 1692a because it arose from a contract for the purchase of consumer electronics and/or appliances.

3.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a because Plaintiff is a natural person who is obligated or allegedly obligated on the debt to Conn's for the purchase of consumer electronics and/or appliances.

4.     Defendant Conn's violated 15 U.S.C. § 1692c(a)(2) by continuing to contact Plaintiff directly after she informed Conn's that she was represented by an attorney.

5.     Defendant Conn's also violated 15 U.S.C. § 1692d(5) by continuing to harass and call Plaintiff on her cellular phone multiple times a day, even after Plaintiff repeatedly requested that Conn's stop contacting her directly.

6.     Upon information and belief, Defendant Conn's actions described herein are the manifestation of its practice and policy to ignore the provisions of the FDCPA applicable to it,

and illegally collect or attempt to collect debts from unsophisticated debtors and former debtors.

Accordingly, Defendant Conn's actions constitute unfair and unconscionable means to collect

debts in violation of 15 U.S.C. § 1692f.

7.      As a direct and proximate result of Defendant Conn's violations of the FDCPA,

Plaintiff has been damaged.

8.      Plaintiff is entitled to and seek actual damages, statutory damages and attorneys'

fees as provided in 15 U.S.C. § 1692k.

COUNT III
VIOLATION OF THE TEXAS DEBT COLLECTION ACT

9.      The allegations in the paragraphs above are re-alleged and incorporated herein by

this reference.

10.     The Plaintiff is a "consumer" as that term is defined by the Texas Debt Collection

Practices Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

11.     The Plaintiff's relationship with the Defendants arose out of a "consumer debt" as

that term is defined in the TDCA.

12.     Defendants were and are "debt collectors" as that term is defined in the TDCA, as

they regularly engage in the collection of consumer debts.

13.     Under TDCA § 392.302(4), Defendants are prohibited from harassing or abusing

a person by making repeated or continuous telephone calls.

14.     The actions and conduct of the Defendants as described herein violate the TDCA.

Defendants continued to call Plaintiff multiple times per day attempting to collect on Plaintiff's

debt, even after they knew that Plaintiff was represented by an attorney and that Plaintiff

repeatedly requested Defendants stop calling her cellular phone.

15.     Further, Defendants' collection activities violate the TDCA because their actions

amount to harassment of the Plaintiff.

16.     Defendants have violated the TDCA and Plaintiff is thus entitled to an injunction, actual damages, and attorneys' fees pursuant to § 392.403 of the TDCA.

17.     Plaintiff's injuries resulted from Defendants' gross negligence because Defendants continued to attempt to collect a debt from Plaintiff, even after Plaintiff repeatedly told Defendants that she was represented by an attorney and requested that the Defendants stop contacting her directly, which entitles Plaintiff to exemplary damages pursuant to the TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

18.     The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

19.     Defendant Conn's is in willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

20.     Upon information and belief, Defendant Conn's violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone line with an automatic telephone dialing system.

21.     Plaintiff did not consent to receive such calls from Defendants.  If Plaintiff did provide prior express consent, it was revoked when Plaintiff told them to stop calling her cellular phone on November 4, 2014, and again on November 7, 2014.

22.     Defendants continued to call Plaintiff on her cellular phone multiple times per day after Plaintiff informed Defendants that she revoked her consent for Defendants to call her on her cellular phone.

23.     The actions and conduct of Defendant Conn's were and are in willful violation of

47 U.S.C. § 227 et seq., and Defendant is liable for damages in the amount of $500.00 for each violation, and such damages may be increased to an amount equal to not more than three times the amount awarded, plus legal fees and expenses.

VI.    PRAYER

WHEREFORE, the Plaintiff, having set forth his claim for relief against the Defendants, respectfully prays of the Court as follows:

A.    That the Plaintiff recover against the Defendants a sum to be determined by the Court in the form of actual damages for violation of the discharge injunction;

B.    That the Plaintiff recover against the Defendants a sum to be determined by the Court in the form of punitive damages for violation of the discharge injunction;

C.    That this Court order Defendant Conn's to pay actual and statutory damages and attorney's fees for violation of the FDCPA.

D.    That this Court order the Defendants to pay additional actual damages and treble damages in a sum to be determined by the Court for violation of the TDCA;

E.    That this Court order Defendant Conn's to pay statutory and additional damages to be determined by the Court for each violation of the TCPA.

F.    That the Plaintiff recover against the Defendants a sum to be determined by the court for reasonable legal fees and expenses;

G.    That the Plaintiff be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ARMSTRONG KELLETT BARTHOLOW PLLC

*/s/ Theodore O. Bartholow, III*

Theodore O. Bartholow, III
Texas Bar No. 24062602
Gary A. Armstrong
Texas Bar No. 01316500
Karen L. Kellett
Texas Bar No. 11199520
Caitlyn N. Wells
Texas Bar No. 24070635
Megan F. Clontz
Texas Bar No. 24069703
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
Phone: 214-696-9000
Fax: 214-696-9001

Attorneys for Plaintiff