IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAYLOR BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4:15-CV-159 |
| | § | |
| CONN APPLIANCES, INC., CONN | § | |
| CREDIT CORPORATION, INC., CONN'S | § | |
| RECEIVABLES FUNDING I GP, LLC, | § | |
| and CONN'S RECEIVABLES FUNDING | § | |
| I, LP, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CONN APPLIANCES, INC.'S MOTION TO DISMISS AND COMPEL
ARBITRATION, OR IN THE ALTERNATIVE, PLEA IN ABATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT, III:

Defendant Conn Appliances, Inc.'s ("Conn's") files this Motion to Dismiss and Compel Arbitration, or in the Alternative, Plea in Abatement (the "Motion"), and would show the Court the following:

## I.
## SUMMARY OF ARGUMENT

Plaintiff filed suit asserting claims against Conn's for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et esq.* and the Texas Debt Collection Act ("TDCA"), Chapter 392 Tex. Fin. Code, *et esq.*[1] These claims are subject to binding arbitration in accordance with the arbitration agreement entered between the parties on December 28, 2012. Because all issues before the Court are properly subject to arbitration, the Court should dismiss

---
[1] *See* Plaintiff's Original Complaint, Dkt. Entry No. 1.

- 1 -

this case and grant Defendant's Motion to Compel. Alternatively, the Court should abate the current matter pending arbitration.

## II.
## EXHIBITS

In support of this Motion, the following are attached hereto and incorporated herein by reference:

- Exhibit A – Retail Installment Agreement
- Exhibit B – Affidavit of Clinton R. Walton

## III.
## FACTUAL SUMMARY

Plaintiff entered a Retail Installment Agreement ("Agreement") with Conn's for the purchase of consumer goods.[2] The Agreement contains an arbitration provision stating that:

> **[Plaintiff] agree[s] that any claim, dispute or controversy arising from or relating to the Agreement, including, but not limited to…any dispute relating to collection activities taken by Conn's**, our affiliates, subsidiaries, agents, officers, employees, servicers, directors, or assigns regarding monies owed under this Agreement, . . . shall be resolved by binding individual (and not class) arbitration. . . . .**and shall be governed by the Federal Arbitration Act (9 U.S.C. §§1-16) and not by any state law that might otherwise apply.**[3]

On March 9, 2015, Plaintiff filed her Original Complaint alleging that Conn's engaged in improper activities in violation of the TCPA and TDCA.[4] The claims asserted by Plaintiff are

---

[2] *See* Retail Installment Agreement by and between Plaintiff and Conn's, December 28, 2012 ("Agreement"), attached to this Motion as Exhibit "A."

[3] *See* the Agreement, Exhibit "A."

[4] *See* Plaintiff's Original Complaint ¶¶ 9-23, Dkt. Entry No. 9. In addition to Conn's, Plaintiff originally named Conn Credit Corporation, Inc., Conn's Receivables Funding I GP, LLC, and Con's Receivables Funding I, LP as Defendants in this action, which initially included a claim under the Fair Debt Collection Practices Act ("FDCA"). *See id*. at ¶ 38. On April 3, 2015, the parties filed an agreed stipulation of dismissal dismissing these entities as well as Plaintiff's claim under the FDCA. *See* Agreed Stipulation of Dismissal, Dkt. Entry No. 10. The Court granted the agreed stipulation on May 7, 2015. *See* Order on Stipulation of Dismissal, Dkt. Entry No. 12. Thus, pending before this Court are Plaintiff's claims against Conn's under the TCPA and TDCA.

related to Conn's collection activities and thus clearly subject to arbitration. Consistent with the recognized preference to arbitrate disputes, this matter should be arbitrated pursuant to the Federal Arbitration Act ("FAA"). Accordingly, Conn's requests that this Court dismiss, or in the alternative abate, all claims pending in this case and compel arbitration.

## IV.
## MOTION TO COMPEL ARBITRATION

Both Texas and federal courts have long shown favor toward the enforcement of arbitration agreements.[5] Because state and federal policies continue to favor arbitration, a presumption exists favoring agreements to arbitrate.[6] In light of these strong state and federal policies, Texas and federal courts agree that any written agreement to submit a dispute to arbitration should be liberally construed, and any doubt as to arbitrability should be resolved in favor of arbitration.[7]

The FAA evinces a strong policy favoring arbitration.[8] The FAA, which was enacted to manifest "a liberal federal policy favoring arbitration agreements," mandates that written agreements to arbitrate disputes arising out of existing contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

---

[5] *See Preston v. Ferrer*, 552 U.S. 346, 349 (2008); *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996).

[6] *United Offshore Company v. Southern Deepwater Pipeline Co.*, 899 F.2d 405, 408 (5th Cir.1990); *Colt Unconventional Resources, LLC v. Resolute Energy Corp.*, CA No. 3:13–CV–1324–K, 2013 WL 3789896, 3 (N.D. Tex. July 19, 2013); *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001).

[7] *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983); *Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 749 (5th Cir. 1996); *Austin Mun. Sec., Inc. v. Nat'l. Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 696 (5th Cir. 1985); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

[8] *See Houston Gen. Ins. Co. v. Realex Group, N.V.*, 776 F.2d 514, 516 (5th Cir. 1985).

contract."[9] The primary purpose of the FAA is to ensure that private arbitration agreements, such as the one at issue here, are enforced according to their terms.[10]

For the court to compel arbitration pursuant to the FAA, the movant must show that the claim: (1) is subject to a valid arbitration agreement; and (2) falls within the scope of the agreement.[11] If the parties signed an arbitration agreement, they are bound by its terms absent fraud, misrepresentation, or deceit.[12] Failure to read the arbitration agreement prior to execution is not a defense.[13]

The court must resolve any doubts about an agreement to arbitrate in favor of arbitration.[14] Once the court determines that Plaintiff's claims fall within the arbitration agreement, the FAA mandates that the trial court compel arbitration and stay its own proceedings.[15]

A stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration...."[16] This

---

[9] 9 U.S.C. § 2; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (2001); *see also Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 66 (2010); *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478-79 (1989).

[10] *See, e.g., Rent-A-Center, W., Inc.*, 130 S. Ct. at 2776; *Volt Info. Sci., Inc.*, 489 U.S. at 478-79.

[11] *American Heritage v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003); *Webb v. Investacorp,* 89 F.3d 252, 257 (5th Cir. 1996).

[12] *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005).

[13] *Id.*

[14] *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999).

[15] 9 U.S.C. § 3; *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992).

[16] *See Alford,* 975 F.2d at 1164.

rule, however, was not intended to limit dismissal of a case in the proper circumstances.[17]

**Where all issues before the court are properly subject to arbitration, it is appropriate to dismiss the action**.[18] As the Fifth Circuit recognized in *Fedmet*:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. **Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.** Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.[19]

Because all Plaintiff's claims are encompassed by the arbitration agreement, this case should be dismissed.

### A. THE PARTIES ENTERED A VALID ARBITRATION AGREEMENT.

In determining the validity of agreements to arbitrate which are subject to the FAA, courts generally apply ordinary state law principles governing the formation of contracts.[20]

In this case, the parties clearly entered a valid agreement to arbitrate. In connection with her purchase, Plaintiff entered into the Agreement with Conn's.[21] The Agreement contains an express and unambiguous arbitration clause.[22] More specifically, the Agreement signed by

---

[17] *Sea–Land Service, Inc. v. Sea–Land of P.R., Inc.,* 636 F. Supp. 750, 757 (D. Puerto Rico 1986); *Alford,* 975 F.2d at 1164; *Fedmet Corp.*, 194 F.3d at 678 (If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal).

[18] *Fedmet*, 194 F.3d at 678.

[19] *Id*. (internal citation and quotation omitted).

[20] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

[21] *See* the Agreement, Exhibit "A."

[22] *Id*.

Plaintiff mandates that matters relating to "…**collection activities taken by Conn's …** regarding monies owed" are subject to arbitration.[23] In return for entering the Agreement, Plaintiff received consumer goods and financing.[24] Consequently, the parties entered a valid agreement to arbitrate.

B.  PLAINTIFF'S CLAIMS FALL WITHIN THE SCOPE OF THE ARBITRATION AGREEMENT.

By executing the Agreement, Plaintiff unambiguously agreed to arbitrate all claims related to Conn's collection efforts:

> **[Plaintiff] agree[s] that any claims, dispute or controversy arising from or relating to the Agreement, including, but not limited to…any dispute relating to collection activities taken by Conn's**, our affiliates, subsidiaries, agents, officers, employees, servicers, directors, or assigns regarding monies owed under this Agreement, . . . shall be resolved by binding individual (and not class) arbitration.…and shall be governed by the Federal Arbitration Act (9 U.S.C. §§1-16) and not by any state law that might otherwise apply.[25]

Here, Plaintiff's claims allege that Conn's "contacted Plaintiff repeatedly in an attempt to collect a debt and continued to do so even after Plaintiff . . . requested that [Conn's] cease calls to her cellular telephone."[26] As such, the claims asserted by Plaintiff clearly fall within the scope of the arbitration agreement. Accordingly, the Court should dismiss, or in the alternative abate, all claims pending in this case and compel arbitration.

---

[23] *Id*.

[24] *Id*.

[25] *Id*.

[26] Plaintiff's Original Complaint ¶ 1, Dkt. Entry, No 1.

# V.
# PRAYER

For these reasons, Defendant Conn Appliances, Inc. respectfully requests that the Court grant this Motion to Dismiss and Compel Arbitration, or in the Alternative, Plea in Abatement, and requests all additional and further relief, whether in law or in equity, to which it may show itself justly entitled.

Dated: June 9, 2015.                    Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  */s/ Michael A. Harvey*
  **MICHAEL A. HARVEY**
  State Bar No. 24058352
  Pennzoil Place
  700 Milam Street, Suite 2700
  Houston, Texas 77002
  Telephone: (713) 222-4015
  Fax: (713) 222-5868
  mharvey@munsch.com

  **ATTORNEY IN CHARGE FOR**
  **DEFENDANT CONN APPLIANCES, INC.**

**OF COUNSEL:**

**CHRISTINA M. PUTMAN**
SBN: 24013361
FIN: 24426
In House Counsel
Conn's, Inc.
4055 Technology Forest Blvd.
Suite 210
The Woodlands, Texas 77381
Telephone: (936) 230-5882
Fax: (855) 593-8149
christina.putman@conns.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 5, 2015, the undersigned conferred with counsel for Plaintiff in an attempt to resolve the issues discussed herein. Those efforts failed, necessitating the filing of this Motion.

                                               */s/ Michael A. Harvey*
                                               Michael A. Harvey

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2015, a true and correct copy of forgoing document was electronically filed with the Clerk for the Eastern District of Texas via CM/ECF system.

Theodore O. Bartholow, III
Armstrong Kellett Bartholow PLLC
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
Phone: 214-696-9000
Fax: 214-696-9001
***Attorney for Plaintiff Taylor Bell***

                                               */s/ Michael A. Harvey*
                                               Michael A. Harvey